UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25820-ALTMAN/Reinhart

**CHARMAINE FLOYD**,

    *Plaintiff*,

v.

**MR. THERMOND**,

    *Defendant*.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

Our *pro se* Plaintiff, Charmaine Floyd, filed her Complaint [1] against our Defendant, "Mr. Thermond," alleging a federal claim, but failing to state any claim for relief. *See generally* Complaint. The Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") [3] and a Motion for Referral to Volunteer Attorney Program ("Referral Motion") [5]. On December 12, 2025, Magistrate Judge Marty Fulgueira Elfenbein issued a report and recommendation, in which she recommended that we grant the IFP Motion and deny the Referral Motion. Magistrate Judge Elfenbein also issued the following warning:

> Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice.

*Id.* at 12 (first citing 28 U.S.C. § 636(b)(1); then citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985); then citing *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); and then citing 11th Cir. R. 3-1). More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. Fed. R. Civ. P. 72(b)(3). But, when no party has timely objected, "the

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of Magistrate Judge Elfenbein's R&R and will adopt it in its entirety.

We hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 7] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's *pro se* Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Plaintiff's Motion for Referral to Volunteer Attorney Program [ECF No. 5] is **DENIED**.

4. For the reasons stated in the Report and Recommendation, the Clerk of Court is **DIRECTED** to designate the Plaintiff a vexatious litigant and issue a limited injunction restricting the Plaintiff from filing any further motion, pleading, or other paper in this action, or from filing another lawsuit without prior approval from the

Court or unless such filings are signed by an attorney authorized to practice law before this Court.

5. All hearings and deadlines are **TERMINATED**, and any other pending motions are **DENIED as moot**. This case is **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on December 31, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record